Will Alfred JAMES *v.* STATE of Arkansas

CR 97-311                                    942 S.W.2d 250

Supreme Court of Arkansas
Opinion delivered April 14, 1997

144

*James P. Massie*, for appellant.

No response.

PER CURIAM. Appellant was convicted on August 22, 1996, of attempted capital murder of a police officer and of third-degree battery. His notice of appeal was filed on September 18, 1996. On December 2, 1996, the Circuit Court of Pulaski County, Seventh Division, extended appellant's time for filing the appeal record until March 11, 1997. The record was tendered to the clerk's office after the extended time for filing had lapsed.

Appellant has filed a motion for rule on the clerk to file a belated record. In his motion, appellant states that the reason that the record was tendered late is that the Pulaski County Circuit Clerk's office failed to turn the transcript over to appellant's counsel before the time for filing had lapsed. Appellant states that he was informed by the Pulaski County Circuit Clerk's office on March 17, 1997, that the record was ready and that he then offered it with this motion on March 18, 1997.

This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *McCoy v. State*, 324 Ark. 452, 921 S.W.2d 605 (1996); *see also In re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam). Here, the attorney does not admit fault on his part but instead states that the Pulaski County Circuit Clerk's office failed to turn the record over to him. We have held that a statement asserting that the failure to timely file was someone else's fault or no one's fault is unavailing. *Reyes v. State*, 326 Ark. 913, 934 S.W.2d 526 (1996). Therefore, appellant's motion must be denied.

Should appellant's attorney file within thirty days from the date of this per curiam a motion and an affidavit in this case in which he accepts full responsibility for not timely filing the transcript, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

The present motion for rule on the clerk is denied.